IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OFFICIAL STANFORD INVESTORS COMMITEE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:24-CV-2095-N |
| BANK OF NEW YORK MELLON, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION & ORDER

This Order addresses Defendant Bank of New York Mellon's ("BNYM") motion to dismiss for lack of personal jurisdiction [45]. For the reasons set forth below, the Court denies the motion.

### I. ORIGINS OF THE MOTION

This case arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts of Stanford's scheme are well-established, *see, e.g., Janvey v. Democratic Senatorial Campaign Committee, Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here. Reduced to its essence, Stanford's scheme involved the sale of fraudulent certificates of deposit ("CDs") issued by Stanford International Bank, Ltd. ("SIBL"), an offshore bank based in Antigua. Although Stanford represented to investors that CD proceeds were invested in only low risk, high return funds, in reality the CD

MEMORANDUM OPINION & ORDER – PAGE 1

proceeds were used to finance Stanford's own extravagant lifestyle and pay off previous investors.

In March 2024, Plaintiff the Official Stanford Investors Committee ("OSIC") sought to intervene in an adjacent suit, *Mogollon v. Bank of New York Mellon*, No. 3:19-CV-3070-N-BV (N.D. Tex.) [109]. The Court denied OSIC's motion. *Mogollon*, 2024 WL 4406954. Then, in June 2024, OSIC brought this suit in the District of New Jersey, aspiring to represent a class of investor-victims against BNYM. Pl.'s Compl. 2 [1]. OSIC alleges that in various ways, primarily tied to its association with the clearing firm Pershing LLC, BNYM aided and abetted the Stanford Ponzi scheme. In August 2024, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Northern District of Texas. JPML Transfer Order [12]. BNYM subsequently filed this motion to dismiss.

## II. THE DISTRICT OF NEW JERSEY HAS PERSONAL JURISDICTION OVER BNYM

In a multidistrict litigation, a transferee court must establish whether jurisdiction and venue were proper in the transferor court. *See In re Sterling Foster & Co., Inc. Securities Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002). Here, BNYM argues that the District of New Jersey lacks personal jurisdiction over BNYM. The Court disagrees because OSIC has established specific jurisdiction in the District of New Jersey.

### A. Personal Jurisdiction Standard[1]

"To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *WorldScape, Inc. v. Sails Capital Mgmt.*,

---

[1] The parties agree that New Jersey law applies to this issue. Def.'s Mot. Dismiss 3, 6; Pls.' Resp. 23 [49]; *see also In re Sterling Foster & Co., Inc.*, 222 F. Supp. 2d at 300

MEMORANDUM OPINION & ORDER – PAGE 2

2011 WL 3444218, at *3 (D.N.J. 2011) (citing *IMO Indus., Inc. v. Kierkert, AG*, 155 F.3d 254, 259 (3d Cir.1998)).  The first step requires courts to apply the state's long-arm statute, while the second step requires courts to apply principles of due process.  *Id.*  In New Jersey, this inquiry conflates to a single analysis because "the New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection."  *Id.* (internal citations omitted.)

Due process permits the exercise of personal jurisdiction over a nonresident defendant when the defendant maintains minimum contracts with the forum such that a suit would not offend "traditional notions of fair play and substantial justice.  *Id.* (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)).  Plaintiffs bear the burden of establishing personal jurisdiction.  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).  However, in the absence of an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction and is entitled to have his allegations taken as true and all factual disputes drawn in his favor.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).[2]  Finally, a plaintiff may show either general or specific jurisdiction.  *WorldScape*,

---

("Personal jurisdiction over a non-resident defendant is governed by the law of the state in which a federal court sits.")

[2] BNYM argues that OSIC's complaint fails to allege sufficient facts to establish jurisdiction.  Def.'s Reply Br. 3 [35].  But in response to a Rule 12(b)(2) motion to dismiss, a plaintiff *must* raise competent evidence to establish jurisdiction.  *See Time Share Vacation Club v. Atlantic Records, Ltd.*, 735 F. 2d 61, 66 n.9 (3d Cir. 1984) (explaining that a plaintiff must raise sufficient evidence and may not rely on pleadings alone to survive a motion to dismiss for lack of personal jurisdiction); *see also Smal and Partners UK Ltd. v. Podhurst Orseck P.A.*, 2012 WL 1108560, at *2 (D.N.J. 2012) ("A plaintiff has the

2011 WL 3444218, at *3.  Here, Plaintiffs allege only specific jurisdiction.  Pls.' Resp. Br. 23 [49-2].

### B. OSIC Has Established Specific Jurisdiction

The test for specific jurisdiction contains a three-part inquiry: (1) whether the defendant purposefully directed activities into the forum; (2) whether the litigation arises out of or relates to at least one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).  Here, BNYM argues that OSIC has not alleged sufficient minimum contact with New Jersey, that OSIC's claims do not arise from BNYM's activities in the state, and that exercising jurisdiction does not comport with fair play and substantial justice.  The Court disagrees.

*1.  OSIC Has Alleged Sufficient Minimum Contacts.* — OSIC has provided sufficient evidence and allegations that BNYM directed activities to New Jersey.  OSIC claims BNYM met with Stanford in New Jersey to "engag[e] in recruiting for Stanford, lend[] reputational enhancement, and solicit[] Stanford's business on behalf of itself and its sister company Pershing."  Pls.' Resp. 1 (citing emails from Pershing to BNYM thanking BNYM for its participation in the Stanford meeting).  BNYM allegedly met with Stanford in New Jersey a second time to review its custody services.  *Id.* at 7–8.  In addition to these in-person meetings, OSIC alleges that BNYM directed material communications

---

burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits.").

MEMORANDUM OPINION & ORDER – PAGE 4

to New Jersey regarding its relationships with Stanford. *Id.* at 8. These communications include due diligence emails, marketing materials, and conference calls. *Id.* at 8–9.

BNYM does not dispute these factual allegations, but argues that the injury did not occur in New Jersey. *See* Def.'s Reply Br. 4–5 [53]. However, courts have previously held that physical contact with the state along with subsequent communications directed to the state are sufficient to establish personal jurisdiction. *See e.g.*, *Heartland Payment Sys., LLC v. Carr*, 2019 WL 949120, at *7 (D.N.J. 2019) (finding that emails and phone calls directed to New Jersey provided sufficient minimum contact); *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 797 (D.N.J. 1996) ("[C]ommunications directed into New Jersey go a long way toward establishing minimum contacts."); *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 147–48 (3d Cir. 1992) (finding sufficient minimum contacts based on one meeting in New Jersey and several telephone calls directed to the state). Accordingly, the Court concludes that OSIC has shown sufficient minimum contacts between BNYM and New Jersey.[3]

***2. OSIC Has Shown That the Litigation Arises Out of BNYM's Contact With New Jersey.*** — For a defendant's contacts to satisfy the relatedness requirement, "there must be a strong relationship among the defendant, the forum, and the litigation." *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (internal citation omitted). BNYM argues that

---

[3] BNYM also argues that OSIC cannot rely on contacts between BNYM and Pershing. Def.'s Reply 5–9. Further, unlike the cases BNYM cites, OSIC here alleges that BNYM physically visited New Jersey as part of its work with Stanford. *Compare* Pls.' Resp. 16, 23–24 (BNYM soliciting business, traveling to New Jersey, requiring direct reporting) *with Click Go & Buy Inc. v. IT Assets, Inc.*, 2024 WL 5252474, at *6–7 (D.N.J. 2024) (defendant foreign corporation did not initiate contact with plaintiff).

MEMORANDUM OPINION & ORDER – PAGE 5

this "strong relationship" must include causation. Def.'s Reply 2–3 [53]; *see also* *O'Connor*, 496 F.3d at 323 (imposing a minimum showing of causation to satisfy the relatedness requirement).

But the Supreme Court recently rejected the notion that a strict causal relationship is required, instead concluding that "some relationships will support jurisdiction without a causal showing." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). This holding effectively overrules the Third Circuit's previous causation requirement. *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 441 (D.N.J. 2021) ("[T]he Third Circuit's causation requirement cannot be reconciled with *Ford*."). Thus, a plaintiff need only show that a defendant's contacts with a forum are "related enough" to the litigation. *Ford Motor Co.*, 592 U.S. at 3711.

Here, OSIC has shown that BNYM's contacts with New Jersey are sufficiently related to their claims for aiding and betting fraud and aiding and abetting breach of fiduciary duty. OSIC alleges that BNYM aided Stanford by helping with recruiting, providing reputational enhancement, assisting with transferring funds, and soliciting Stanford's business. *E.g.*, Pls.' Am. Compl. ¶ 67 [34]. OSIC further alleges that these activities occurred in New Jersey through in-person meetings and by emails and phone calls to the state. Pls.' Resp. Br. 23–24. Thus, BNYM's contact with Stanford in New Jersey gave rise to OSIC's aiding-and-abetting claims. Because OSIC has established sufficient minimum contacts and relatedness to their claims, the Court concludes that the District Court of New Jersey has specific personal jurisdiction over BNYM.

MEMORANDUM OPINION & ORDER – PAGE 6

### 3.  *The Exercise of Jurisdiction Comports with Fair Play and Substantial Justice.*

— Because OSIC has established that BNYM has the requisite minimum contacts with New Jersey, the burden of proof shifts to BNYM to show that the assertion of jurisdiction would be unfair and unreasonable.  *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("To defeat jurisdiction based on this fairness inquiry, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.") (internal citations omitted).

The Supreme Court has indicated that lower courts addressing the fairness question may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies."  *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985) (internal quotations omitted).  BNYM must therefore make a "compelling case."  *Id*.  It has failed to do so here.

First, BNYM offers no compelling reason why the "burden to attend a lengthy trial outside New York" would be unfair or unreasonable, especially given that BNYM employees routinely traveled to the state to solicit, secure, and service Stanford's business. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).  Logistically, the New Jersey transferor court is located closer to BNYM's headquarters than other New York district courts.  Additionally, any New York based witnesses are subject to the transferor court's subpoena power.  And, "[t]his is not a case where a severe burden is placed on an alien defendant . . . . Nor does this case involve one isolated occurrence where the defendant had no connection with the forum state . . . ."  *Pennzoil Prods. Co. v. Colelli*

MEMORANDUM OPINION & ORDER – PAGE 7

*& Assocs., Inc.*, 149 F.3d 197, 208 (3d Cir. 1998) (internal citations omitted).  Moreover, BNYM is a substantial commercial entity and can afford the burden of litigating in another state.

Second, New Jersey has an interest in adjudicating tortious conduct that occurred in the state.  *See Chamales Corp. v. Oki Data Americas, Inc.*, 557 F. Supp. 2d 494, 501 (D.N.J. 2008).  Third, OSIC pleads both virtual and in-person conduct tied to the Ponzi scheme within New Jersey.  Thus, OSIC also has an interest in obtaining convenient and effective relief in the state where the alleged tortious conduct occurred. Finally,  the  interstate judicial system's interest in efficiency and the states' shared interest in furthering fundamental social policies support the Court's exercise of jurisdiction in this case.  Here, OSIC alleges that BNYM's conduct associated with the New Jersey-based Pershing entity violated the law.  Thus, the exercise of personal jurisdiction over BNYM by a federal court in New Jersey is neither unreasonable nor unfair. Accordingly, the Court determines that the exercise of personal jurisdiction over BNYM does not offend traditional notions of fair play and substantial justice.

## CONCLUSION

Because the District of New Jersey has personal jurisdiction over BNYM, the Court denies BNYM's motion to dismiss pursuant to Rules 12(b)(2).

MEMORANDUM OPINION & ORDER – PAGE 8

Signed June 1, 2026.

_____
David C. Godbey
Senior United States District Judge